## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHALIONDA BERRY<br><br>*Plaintiff*,<br><br>v.<br><br>WHITE CASTLE SYSTEM INC.<br><br>*Defendant*. | **COMPLAINT** |

Plaintiff Shalionda Berry, by and through the undersigned counsel, brings this action against Defendant White Castle System Inc. a Delaware corporation, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations and alleges as follows:

### INTRODUCTION

1.      Plaintiff brings this civil rights action against the Defendant for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendant has failed to remove architectural barriers at the restaurant known as "White Castle", even though such removal is readily achievable.

2.      The violations alleged in this complaint occurred at the restaurant known as White Castle, located at 9450 S. Jeffrey Blvd., Chicago, IL 60617.

3.      Defendant's failure to provide equal access to White Castle violates the mandates of the ADA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

4.      Defendant's conduct constitutes an ongoing and continuous violation of the law. Defendant has failed to take any prompt and equitable steps to remedy the discriminatory barriers at their facilities.

- 1 -

5.      Accordingly, Plaintiff seeks a declaration that Defendant's facilities violate federal law and an injunction requiring the Defendant to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that the Defendant continues to comply with the requirements of the ADA.

## JURISDICTION AND VENUE

6.      Jurisdiction of this Court arises under 28 U.S.C. §§ 1331. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331. This action includes federal law claims brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57.

7.      Venue in this judicial district is proper because the Defendant is located and transacts business within this judicial district and has sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

8.      Plaintiff Shalionda Berry is a resident of the city of Chicago, Illinois. Plaintiff suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2).

9.      Plaintiff Shalionda Berry suffers from epilepsy in addition to physical complications resulting from three strokes.  She is substantially limited in performing several major life activities, including but not limited to walking and standing. She is required to use a wheelchair for mobility. As a person with a disability, she has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

10.      Defendant White Castle System, Inc., a Delaware Corporation, is a lessee and operator of the real property and improvements, which are the subject of this action.  White Castle

is a place of public accommodation within the meaning of the ADA, and located at the street address of 9450 S. Jeffrey Blvd., Chicago, IL 60617.

## FACTUAL BACKGROUND

11.     On or around August 4, 2015, Plaintiff Berry attempted to visit White Castle, which is located approximately 1.8 miles from her apartment.

12.     The customer parking lot had only one curb ramp connecting the parking lot level to the raised level of the sidewalk adjacent to the building.

13.     A parking space occupied the area directly in front of the curb ramp. When a car occupies that parking space, the curb ramp is not accessible by wheelchair. Attached to this Complaint is Exhibit A showing no access to any ramp at White Castle

14.     The parking lot of White Castle did not have wheel stops in its parking spaces. Vehicles could thus block the sidewalk between the White Castle building and the parking lot by parking as far forward as possible in the parking space. On the date that Plaintiff attempted to enter the White Castle, vehicles had in fact completely blocked any possible route Plaintiff could have taken to enter the White Castle. Exhibit A shows the lack of wheel stops. In addition, the Defendant had parked a tractor next to the raised pathway such that the tractor hung over onto the sidewalk.  This prevented Plaintiff from using the raised pathway even if she were somehow able to use the one ramp. This prevents wheelchair access to White Castle. Attached to this Complaint is Exhibit B showing a tractor utilized by Defendant blocking the pathway.

15.     In light of the architectural barriers at White Castle, Plaintiff Berry is deterred from visiting White Castle in the future.  Plaintiff Berry would like to be able to patronize White Castle, but these architectural barriers deter her from doing so. She plans to return and patronize White Castle when she learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

16.     Plaintiff Berry attempted to access Defendants' premises, but could not do so independently on a full and equal basis because of her disabilities, due to the physical barriers to access and violations of the ADA that exist at Defendants' premises. As a result of the Defend-

ant's non-compliance with the ADA, Plaintiff Berry cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

## FACT ALLEGATIONS

17.     The Defendant has discriminated against Plaintiff Berry on the basis of her disabilities by failing to comply with the requirements of the ADA and the Americans With Disabilities Act Accessibility Guidelines (the "ADAAG") with regard to White Castle. A specific, though not exclusive, list of unlawful physical barriers and violations present at White Castle which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

    a. The parking spaces at White Castle are not designed to prevent vehicles from obstructing the accessible route to the restaurant, in violation of ADAAG 502.7.

    b. The parking lot at White Castle is not designed to prevent vehicles from obstructing the curb ramp providing access to the sidewalk adjacent to the building, in violation of ADAAG 502.7.

18.     The above listing is not to be considered all-inclusive of the barriers and violations of the ADA and ILCS encountered by Plaintiff or which exist at White Castle.

19.     In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of White Castle in order to photograph and measure all such barriers to access and violations of the ADA, the ADAAG.

20.     Compliance with the ADA standards and the ADAAG is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by the Defendant due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples

of modifications that are "readily achievable", including, but not limited to, making curb cuts in sidewalks and entrances. 28 C.F.R. § 36.304(b).

21.     As a person with a disability, Plaintiff Berry has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

22.     Without injunctive relief, the Defendant's failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be deterred from patronizing the facility and will continue to be unable to independently access White Castle and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of her rights under the ADA.

## FIRST CAUSE OF ACTION
### Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

23.     Plaintiff incorporates and realleges the above paragraphs.

24.     Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

25.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

26.     Defendant has discriminated against Plaintiff and others in that they have failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Berry has been denied full and equal access

to White Castle and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

27.     Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. The Defendant's violations of the ADA and ADAAG is ongoing.

28.     Defendant has failed to remove architectural barriers to full and equal access by Plaintiff Berry, even though removing the barriers is readily achievable.

29.     Plaintiff Berry plans to visit White Castle again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm upon her planned return visit to White Castle unless and until the Defendant is required to remove the physical barriers to access and ADA violations that exist at the Defendant's place of public accommodation, including those set forth specifically herein.

30.     This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendant to make White Castle readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close White Castle until such time as the Defendant cures the access barriers.

31.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendant, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

**WHEREFORE**, Plaintiff respectfully requests:

   a.   That the Court issue a Declaratory Judgment that determines that the Defendant's facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG.

   b.   That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), 28 C.F.R. § 36.504(a) enjoining the Defendant from continuing their discriminatory practices, including an order directing the Defendant to make all readily

achievable alterations to their facilities so as to remove physical barriers to access and make their facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA; and also including an order requiring the Defendant to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

c.  That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505, or as otherwise provided by law; and

d.  That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA.

DATED: January 13, 2016

/s/ John Steele
John L. Steele (# 6292158)
ACCESSIBILITY LAW GROUP
500 Michigan Avenue, Suite 600
Chicago, Illinois 60611
E-mail: jsteele@accessibilitylawgroup.com
Phone: (312) 396-4154